STATE OF CONNECTICUT *v.* STEPHEN J. MARTIN
(13509)

PETERS, C. J., CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued April 4—decision released June 6, 1989

*John J. Carta, Jr.*, with whom, on the brief, was *Sally Weisman*, for the appellant (defendant).

*Susann E. Gill*, assistant state's attorney, with whom, on the brief, were *John Redway*, state's attorney, and *Bernadette Conway*, deputy assistant state's attorney, for the appellee (state).

CALLAHAN, J. The defendant was arrested on August 31, 1986, in East Haddam for operating a motor vehicle while under the influence of liquor in violation of General Statutes § 14-227a (a).[1] After his apprehension, while he was in custody at the state police barracks in Colchester, the defendant was asked

---

[1] General Statutes § 14-227a (a) provides in pertinent part: "OPERATION WHILE UNDER THE INFLUENCE OF LIQUOR OR DRUG OR WHILE IMPAIRED BY LIQUOR. (a) OPERATION WHILE UNDER THE INFLUENCE. No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if he operates a motor vehicle on a public highway of this state or on any road of a district organized under the provisions of chapter 105, a purpose

by Trooper Lawrence J. Pagan whether he would take a "chemical test." The defendant refused and no test was administered.

At his trial the defendant submitted a request that the trial court instruct the jury that, on the evidence, it could consider and convict him of operating while impaired in violation of General Statutes § 14-227a (b)[2] as a "lesser included offense" of operating under the influence. The trial court refused to give such an instruction and the defendant was subsequently convicted under § 14-227a (a) of operating under the influence.[3] The trial court, on the defendant's conviction, sentenced him to six months imprisonment suspended after thirty days, with two years probation, and imposed a fine of $696 plus fees and costs.

The defendant appealed his conviction to the Appellate Court claiming that the trial court erred in refusing to instruct the jury as he had requested. *State* v.

of which is the construction and maintenance of roads and sidewalks, or on any private road on which a speed limit has been established in accordance with the provisions of section 14-218a, or in any parking area for ten or more cars or on any school property (1) while under the influence of intoxicating liquor or any drug or both or (2) while the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight."

[2] General Statutes § 14-227a (b) provides in pertinent part: "OPERATION WHILE IMPAIRED. No person shall operate a motor vehicle on a public highway of this state or on any road of a district organized under the provisions of chapter 105, a purpose of which is the construction and maintenance of roads and sidewalks, or on any private road on which a speed limit has been established in accordance with the provisions of section 14-218a, or in any parking area for ten or more cars or on any school property while his ability to operate such motor vehicle is impaired by the consumption of intoxicating liquor. A person shall be deemed imapired when at the time of the alleged offense the ratio of alcohol in the blood of such person was more than seven-hundredths of one per cent of alcohol, by weight, but less than ten-hundredths of one per cent of alcohol, by weight."

[3] The defendant was also arrested for and convicted of interfering with a police officer in violation of General Statutes § 53a-167a. He was given an unconditional discharge by the trial court on that charge. That conviction is not an issue on this appeal.

*Martin,* 15 Conn. App. 58, 64, 544 A.2d 231 (1988). In his appeal he also contended that the trial court had erred when it charged the jury that, when assessing the credibility of witnesses, " '[t]he testimony of each [witness] is to be weighed for what it seems to you to be worth in the light of its character, the demeanor of the witness as it bears on credibility, the substance of the testimony, and the *probability or improbability* that what the witness said is true.' (Emphasis added.)" Id., 66.

The Appellate Court refused to review the defendant's initial claim that the trial court erred by not communicating his requested instruction to the jury. Id., 64–66. In resolving the defendant's claim that the trial court erred in its jury instruction in regard to assessing the credibility of the witnesses, the Appellate Court found that the instruction was error[4] but harmless in view of the charge as a whole. Id., 66–68. We granted certification as to these two issues and affirm the judgment of the Appellate Court.[5]

---

[4] The Appellate Court concluded that the trial court's charge was a "comparative credibility" charge such as we criticized in *State* v. *Orsini,* 187 Conn. 264, 276, 445 A.2d 887, cert. denied, 459 U.S. 861, 103 S. Ct. 136, 74 L. Ed. 2d 116 (1982). We disagree. Unlike the charge criticized in *State* v. *Orsini,* supra, the instruction complained of in this case did not advise the jury simply to compare the state's evidence with that of the defense and decide which was more believable. The trial court, rather, made it clear to the jury that it was simply referring to factors that it might consider in evaluating the credibility of the witnesses on the path to determining the ultimate question of whether the state had proven all the elements of the crime charged beyond a reasonable doubt.

[5] The defendant also appealed other issues to the Appellate Court. Certification to this court, however, was granted only as to the two issues noted above. The two questions certified were:

"Did the Appellate Court err in refusing to review the defendant's claim that the trial court erred in refusing to charge the jury as requested on the 'lesser included' offense of operating a motor vehicle when the defendant's ability to do so was impaired as provided in Connecticut General Statutes Section 14-227a (b)?"

"Did the Appellate Court err in finding no error on the trial court's charge on the credibility of witnesses?"

## I

The defendant first argues that the Appellate Court erred by refusing to review his claim that the trial court was in error when it did not comply with his request to instruct the jury that it could consider, as a lesser included offense of operating under the influence, whether the defendant was guilty of operating while impaired. The Appellate Court did not reach the merits of that issue on the defendant's appeal because it concluded that the defendant had failed to "submit an appropriate request to charge as required by Practice Book § 854 and *State* v. *Whistnant,* 179 Conn. 576, 588, 427 A.2d 414 (1980)." *State* v. *Martin,* supra, 64.

It is no longer necessary that we determine whether the Appellate Court was on firm ground when it refused to review the claim the defendant propounded to it on appeal. Since the decision of the Appellate Court was published in this case, we have determined, in *State* v. *Gonzalez,* 210 Conn. 446, 462, 556 A.2d 137 (1989), that the charge of driving while impaired has application only when a blood alcohol test has been administered to an accused and the test demonstrates "that the defendant's blood alcohol content at the time of the alleged offense was greater than .07 percent and less than .1 percent . . . ."

As a result of the defendant's refusal to submit to a test, no blood alcohol test was administered. Consequently, there was no evidence of blood alcohol content to present to the jury.[6] The defendant, therefore, was not entitled to an instruction that would have allowed the jury to find him guilty of operating while impaired rather than operating under the influence. Id. Because the issue the Appellate Court refused to review

---

[6] The state presented the observations of the arresting officers as evidence of the defendant's guilt.

has been definitively decided against the defendant by this court, the certified question of whether it was error for the Appellate Court to refuse to review that issue is moot. *Roy* v. *Mulcahy,* 161 Conn. 324, 328, 288 A.2d 64 (1971).

## II

The defendant next claims that the trial court erred when it instructed the jury that it could consider in assessing the credibility of the witnesses " 'the probability or improbability that what the witness said [was] true.' " *State* v. *Martin,* supra, 66. The defendant argues that this instruction diluted the state's burden of proof and allowed the jury to use a standard other than the required standard of proof beyond a reasonable doubt in determining the defendant's guilt. See *In re Winship,* 397 U.S. 358, 361, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). We disagree.

The instruction complained of was conveyed to the jury by the trial court, not in defining the state's burden of proof, but rather in imparting to the jury guidelines as to what it might consider in determining the veracity of the witnesses. The trial court instructed the jury in the same segment of its charge that the "credibility of witnesses and the weight to be given their testimony are matters which are especially within your province to determine," that it was "the quality and not the quantity of the testimony that controls," and that the jury could consider among other things, the "demeanor" of the witnesses and the "substance" of their testimony.[7]

---

[7] The portion of the charge referred to reads as follows: "Now, another important factor—well, they're all important, but they're all listed—credibility of witnesses in general. The credibility of witnesses and the weight to be given their testimony are matters which are especially within your province to determine. However, I may properly suggest certain guidelines. No fact, of course, is to be determined merely by the number of witnesses testifying for or against it. It is the quality and not the quantity

In the context in which it was given, the "probability or improbability" instruction was not error. The only message that it conveyed to the jurors was that they could consider the plausibility or implausibility of the witnesses' testimony in determining what version of the events in controversy they would credit. The instruction did not remotely suggest to the jurors that the state's ultimate burden to prove all the elements of operating under the influence beyond a reasonable doubt was diminished in any respect. In fact, the trial court, in a charge that covered only eighteen pages of transcript, informed the jury on at least eight occasions that the state bore the burden of proving all the elements of the offense charged beyond a reasonable doubt.

Error is not committed every time a trial court utters the words "probable or improbable" or a variation thereof during the course of its charge. It is only when those words are used in a context that diminishes the state's burden to prove guilt beyond a reasonable doubt that error results. See *State* v. *McDonough,* 205 Conn. 352, 356, 533 A.2d 857 (1987), cert. denied,      U.S.       , 108 S. Ct. 1079, 99 L. Ed. 2d 238 (1988). Such is not the case here. The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

of the testimony that controls. There's no such thing as legal equality of credibility of witnesses. The testimony of each is to be weighed for what it seems to you to be worth in the light of its character, the demeanor of the witness as it bears on credibility, the substance of the testimony, *and the probability or improbability that what the witness said is true.* Each witness must first stand or fall upon his own testimony. When I say his, of course, it includes her, so it's obviously he or she, but I'll just use the male gender, if the ladies don't mind. He may be unimpeached and uncontradicted, and his testimony may not be even adversely affected by any other evidence; yet his testimony need not necessarily be believed. Nor does testimony have to be rejected when it is in conflict with that of other witnesses, if that is your judgment." (Emphasis added.)