[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the Court on an appeal from CT Page 4122 a decision of the Town of Groton Planning Commission granting subdivision approval. The plaintiffs (Sutphen) are abutting landowners. The plaintiff Friends of Eccleston claim standing by virtue of Connecticut General Statutes Section 22-19(a), which provides:
 "In any administrative, licensing or other proceeding, and in any judicial review thereof . . . any person, partnership, corporation, association, organization or other legal entity may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state."
The above statute requires that environmental issues be raised as a condition precedent to standing in an appeal. See Red Hill Coalition, Inc. v. Conservation Commission,212 Conn. 710, 715-716 (1989) and Connecticut Fund for the Environment, Inc. v. Stamford, 192 Conn. 247, 248 n. 2 (1984). The verified pleading filed by the Eccleston frames the issues which may be raised in the complaint. A thorough review of the record, however, fails to reveal to this Court any environmental issues raised by Eccleston. The thrust of its appeal lies, rather, in procedural deficiencies claimed, and therefore, does not comply with the requirements of Connecticut General Statutes Section 22a-19(a).
Eccleston is not a proper party to this appeal.
The Court further finds from the record that the plaintiff's appeal is timely and that the Sutphens, being abutting landowners, are statutorily aggrieved for purposes of this appeal.
It is a well settled principle that "a court cannot substitute its judgment for the liberal discretion accorded to local zoning authorities in the exercise of their prescribed legislative powers." Fenn v. Planning Zoning Commission,24 Conn. App. 430, 434, 589 A.2d 3 (1991). Thus, CT Page 4123
 (c)onclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record . . . . (T)he question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached. (citations omitted).
Protect Hamden/North Haven from Excessive Traffic Pollution, Inc. v. Planning Zoning Commission, 220 Conn. 527, 542-43, ___ A.2d ___ (1991), quoting Primerica v. Planning 
Zoning Commission, 211 Conn. 85, 96, 558 A.2d 646 (1989).
"If the commission has reasonably and fairly exercised its honest judgment after a full hearing, (the court) must uphold its decision unless (it is) unreasonable, arbitrary or illegal." Krawski v. Planning Zoning Commission, 21 Conn. App. 667, 670, 575 A.2d 1036 (1990). See also Pleasant View Farms Development, Inc. v. Zoning Board of Appeals, 218 Conn. 265, 269, 588 A.2d 1372 (1991); Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152,543 A.2d 1339 (1988).
The plaintiffs first assert that the Commission violated Connecticut General Statutes Section 8-26 by rendering a decision before it received a final report from the Inland Wetlands Commission (IWC).
The plaintiffs contend that confirmation for IWC is mandatory and, further, that the Groton subdivision regulations also mandate referral of the subdivision plan to the IWC (see section 2.3(2)).
The defendant's position, in effect, is that the plaintiff's contention is a glorification of form over substance. Defendants argue that the Commission had notice of the IWC's issuance of a building permit and, therefore, there was no need to seek formal approval.
In determining the application of a particular statutory provision, the court must consider the precise language of the provision and, if ambiguity exists, provide an interpretation which yields reasonable results consistent with the legislative history. State v. Gonzales, 210 Conn. 446,451, 556 A.2d 137 (1989); State v. Mattioli, 210 Conn. 573,576, 556 A.2d 584 (1989). Thus, where the language is clear and unambiguous, the court will not speculate as to the legislature's intent. Cilley v. Lamphere, 206 Conn. 6, 9-10, CT Page 4124535 A.2d 1305 (1988).
Clearly, the plain language of section 8-26 mandates consideration of an IWC report before a Commission can render decision. There is, however, a recognition by our courts that the statutory provision does not address what constitutes a "report" or "due consideration."
In Frechette v. Town Planning and Zoning Commission,4 CSCR 70 (Reilly, J., December 1, 1988), the superior court evaluated the legislative proceedings governing the enactment of section 8-26 and concluded that
 (a)lthough (section 8-26) is designed to foster a relationship between planning commission and inland wetland agencies, such that the former had notice of an information regarding the activities of the latter, it was not intended to make a wetlands agency and a planning commission into one decision-making body. (emphasis added.)
Id., 71. It is also clear from the transcripts of the legislative history that where the wetland agency has already reviewed an application and approved it, the purpose of section 8-26 is satisfied and the Commission has no need to seek subsequent confirmation from the agency. See Statements of Representative Polinsky, quoted in Id., 71 (the purpose of section 8-26 is to ensure that "the applicant would not, as some have, go all through the subdivision procedure, get his approval and then find he could not get a building permit because he failed to get (prior) approval from the wetlands agency.") (emphasis added.)
A review of the record reveals that the senior planner informed the Commission that IWC had reviewed the building permit through 1992, further, the original permit was issued by the IWC on February 8, 1989 and subsequently extended on January 17, 1990. Finally, the environmental planner compared the approved wetlands permit plan with the subdivision application to determine if there were any inconsistencies.
On the basis of the above, the Court finds that the Commission complied with the requirements of Connecticut General Statutes Section 8-26. In view of the fact that the review showed no inconsistencies, the Commission had no reason to refer the subdivision application pursuant to Section 2.3(2) of the Groton subdivision regulations. CT Page 4125
The plaintiffs next contend that the Commission violated the provisions of sections 5.25, 2.25.1 of the Zoning Ordinance for the Noank Fire District of Groton. Having thus failed to comply with the applicable zoning regulations, the Commission thereby violated General Statutes section 8-8.
Section 2.25 provides:
SUBDIVISION APPROVAL
 All subdivisions as defined in section 8-18 of the Connecticut General Statutes as amended must be approved by the Town of Groton Planning Commission. Subdivision plans must be prepared in accordance with the Town of Groton's Subdivision Regulations and all subdivision plans for property in the Noank Fire District must be referred to the Noank Zoning Commission by the Planning Commission at least 15 days prior to any scheduled public hearing or at least 15 days prior to the meeting at which the Planning Commission is to take action if no hearing is required. Such referral shall be for the purpose of reviewing said plans to assure their conformance with the Zoning Regulations of the Noank Fire District and the general suitability of the proposed subdivision with the character of Noank. (Amended 1/1/90).
Section 2.25.1 provides:
 Furthermore, no subdivision shall be approved by the Town of Groton's Planning Commission unless written confirmation is provided to the Planning Commission from the Executive Committee of the Noank Fire District that adequate fire protection can be provided and public water supply is being provided by the Noank Water Department or such other water company as approved by the Executive Committee of the Noank Fire District.
A planning commission must decide "`within prescribed limits and consistent with the exercise of (its) CT Page 4126 legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it (applies) . . . .'" Krawski v. Planning Zoning Commission, 21 Conn. App. 667, 670-71, 575 A.2d 1036 (1990), quoting Toffolon v. Zoning Board of Appeals, 155 Conn. 558,560-61, 236 A.2d 96 (1967). Thus, pursuant to General Statutes Section 8-26, the Commission is prohibited from approving "any such subdivision or resubdivision which conflicts with applicable zoning regulations (emphasis added.)" General Statutes Section 8-26. See also Frederico v. Planning Zoning Commission, 5 Conn. App. 509, 514, 500 A.2d 576 (1985). Speculative violations, however, may not form the basis for denial of an application. Krawski, supra 672; Frederico, supra, 525. Thus, the "commission may legally base subdivision application denials on zoning violations `inherent in the plan itself as submitted,' but not on those that are `entirely speculative.'" Krawski, supra 672, quoting Frederico, supra, 514-15.
Plaintiff's contention is that the Commission failed to follow the referral procedure outlined in sections 2.25 and 2.25.1. The record, however, belies this contention. The record contains various items of testimony indicating that the subdivision was, in fact, referred to the Noank zoning official and other regulators. (See ROR Item 1 at 5; Item 9; Item 29.)
Clearly, the record demonstrates compliance with the procedure guidelines established by section 2.25.
Equally clear to the Court, however, is the fact that the record reveals noncompliance with section 2.25.1. This section requires that the Commission receive written confirmation, from the executive committee as to the adequacy of fire protection and public water supply.
The defendants argue that the Commission is vested with broad discretion to interpret the applicability of particular zoning regulations, and applying this discretion, the Commission determined that the fire marshal's request that an onsite water supply be installed prior to construction was beyond the scope of the subdivision regulation.
There is no doubt that the Commissions have, and should have, liberal discretion in the determination of which zoning regulations are applicable. However, the discretion cannot be unabated. The trial court has to decide whether the board (or Commission) correctly interpreted the regulation and applied it with reasonable discretion to the facts. See Schwartz v. Planning and Zoning Commission, 208 Conn. 146, 152
CT Page 4127 (1988).
The plain language of zoning regulation section 2.25.1 requires the Commission to receive written confirmation from the Noank Fire District Executive Committee before approving any subdivision application. Section 2.25.1 clearly prohibits the Commission from inferring confirmation when the Executive Committee fails to respond, as evidence by the language stating that "no subdivision shall be approved by the Town of Groton's Planning Commission unless written confirmation is provided . . . ." Zoning Ordinance for the Noank Fire District, section 2.25.1. The Commission's failure to receive confirmation before approving the Noank application is illegal, because it violates the requirement in General Statutes Section 8-26 that planning commissions may not approve "any such subdivision . . . which conflicts with applicable zoning regulations."
Having failed to obtain the proper confirmation prior to approval, the action of the Commission was improper. The plaintiff's appeal as to this issue is sustained.
The final issue presented to the Court was a determination as to whether the Commission improperly considered ex parte evidence.
Plaintiff claims that eight documents were received by the Commission which were never introduced into the record at the public hearing. There is no question but that the Commission cannot consider post hearing, ex parte evidence. There are certain exceptions to this rule, none of which, however, apply in this case. The fundamental sense of fairness and due process should permit no exceptions to be grafted upon this rule if substantial prejudice would result.
The Supplement to Return of Record includes eight documents. Items 2-8 directly address the topics referred to by Michael Murphy at the December 11, 1990 hearing. See Supplement to Return of Record, Items 2-8. Item 1 of the Supplement is a certified copy of the subdivision regulations governing the Town of Groton, and it is found that the intervening plaintiff, Friends of Eccleston, moved to have this particular document entered into the record by motion dated May 6, 1991. It is further found that none of the plaintiffs raised objections during the public hearing when Michael Murphy referred to the supplemental documents, and the transcript reveals that the plaintiffs directly addressed the issues raised by the documents, namely drainage control and slope calculations. See ROR, Item 1 at 13-15. CT Page 4128
A close review of the Supplement to Return of Record convinces the Court that what is contained therein is not "additional evidence," but rather summary documentation of issues discussed at a public hearing. The hearing transcript clearly supports this conclusion. The senior planner, in ROR, Item 1 at 5 states:
 "Basically, there are some documents we would like to make sure are mentioned also into the record. These were previously submitted and are unchanged and have been reviewed considering this new application. Those of course are the drainage calculations Mr. Brown talked about and the drainage system, the sidewalk location and development plan along Fishtown Road, the off-site improvement that is proposed, and the revised drainage outlet that deflects that outlet which is consistent with the inland wetlands permit and with generally good development practice. So we have that information in the file also."
The plaintiffs had adequate notice of the documentation submitted into the Supplement to the Return of Record and a reasonable opportunity to challenge its receipt. Having failed to do so, the plaintiffs should not be heard to cry "foul."
Equally unavailing is the plaintiffs' argument that the revised drawing received by the Commission after the close of the public hearing constituted an ex parte communication.
The drawing was not prejudicial in that it did not add additional evidence but merely reflected the Commission's consideration and its willingness to address the plaintiffs' concerns. On this issue, the plaintiffs' appeal is not sustained.
MIHALAKOS, J.