[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff, Milford Supervisors Association, appeals a decision of the Connecticut State Board of Labor Relations (CSBLR) dismissing its petition to modify its bargaining unit to include the Milford Head Librarian.
The CSBLR decision #3563, dated December 29, 1997, determined that the head librarian was a department head pursuant to General Statutes § 7-467 (4) of the Municipal Employees Relations Act (MERA) and thus excluded from collective bargaining.
This appeal is brought pursuant to General Statutes § 31-109 and the Uniform Administrative Procedure Act [(UAPA) §§ 4-166, et seq., 4-183j]. Town of Windsor v.Windsor Police Department Employees Assn., Inc.,154 Conn. 530 (1967), which is controlling authority under § 31-109, establishes that representation cases are not the proper subject of direct appeal. Before filing a direct appeal, the aggrieved party under principles of American labor law would have to first file a prohibited or unfair labor practice complaint and appeal the decision on the complaintBoire v. Greyhound Corp., 376 U.S. 473 (1964); AmericanFederation of Labor v. National Labor Relations Board,308 U.S. 401 (1940); see Southington v. State Board of LaborRelations, 210 Conn. 459 (1989). Connecticut courts have historically relied on judicial interpretation of the federal labor law in interpretation of our labor acts. WestHartford Education Association v. DeCourcy, 162 Conn. 566,579 (1970).
The adoption of the UAPA, which supersedes other administrative appeal law, (see McDermott v. Commissioner ofChildren and Youth Services, 168 Conn. 435 (1975)) does not change the result. The labor board decision meets the definition of a UAPA contested case under § 4-166 (2) and is thus a "Final Decision" under § 4-166 (3). However, an appeal only is allowed pursuant to § 4-183 (a) if a party CT Page 3726 aggrieved by a decision in a contested case has "exhausted all administrative remedies available within the agency." Although the instant case does not contain additional issues which would be clarified by an election or prohibited practice complaint hearing, the formality of the prohibited practice complaint procedure may only be avoided under extraordinary circumstances absent in this case. See,Leedom v. Kyme, 358 U.S. 184 (1958) (requiring equitable intervention where the agency has acted in defiance of the law).
The plaintiff fails to show its entitlement to an interlocutory appeal pursuant to § 4-183 (b) in that the remedy under the prohibited practice complaint would be at least as extensive as the remedy under this appeal.
The CSBLR motion is granted and the appeal is dismissed.
Robert F. McWeeny, J.