******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

ROBERT BUIE *v.* COMMISSIONER OF CORRECTION
(AC 40520)

DiPentima, C. J., and Elgo and Harper, Js.

*Syllabus*

The petitioner, who had been convicted of two counts of aiding and abetting aggravated sexual assault in the first degree and one count each of attempt to commit aggravated sexual assault in the first degree, conspiracy to commit aggravated sexual assault in the first degree and burglary in the first degree, sought a writ of habeas corpus, claiming, inter alia, that he received ineffective assistance from the habeas counsel who represented him in a prior habeas matter. The habeas court rendered judgment denying the habeas petition and, thereafter, granted the petition for certification to appeal, and the petitioner appealed to this court. On appeal, he claimed that the habeas court improperly determined that he had received effective assistance from his prior habeas counsel and his criminal trial counsel. *Held* that the habeas court properly determined that, due to the overwhelming evidence of guilt, the petitioner could not establish prejudice as a result of any allegedly deficient performance by his criminal trial counsel or his prior habeas counsel; that court properly concluded that, in light of the evidence presented, which established that the victim had been sexually assaulted by two individuals, the petitioner failed to demonstrate a reasonable probability that, but for the ineffectiveness of his trial counsel and prior habeas counsel, the outcome of his criminal trial would have been different, as DNA evidence matching the victim's DNA profile was found in the petitioner's residence, testing of the victim's vaginal swabs revealed the presence of DNA consistent with the petitioner's DNA, analysis of duct tape recovered from the victim's apartment and duct tape seized from the petitioner's apartment indicated that the items were similar, the victim, who knew the petitioner and the codefendant, identified them by their voices to the police while at her neighbor's apartment, the petitioner's codefendant made a full confession and implicated the petitioner in the assault, and the victim's neighbor provided information to the police that was consistent with the time frame of the events set forth during the prosecution's case.

Argued October 25, 2018—officially released January 22, 2019

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Oliver, J.*; judgment denying the petition, from which the petitioner, on the granting of certification, appealed to this court. *Affirmed.*

*Heather Clark*, assigned counsel, for the appellant (petitioner).

*Bruce R. Lockwood*, senior assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *Marc G. Ramia*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

DiPENTIMA, C. J. The petitioner, Robert Buie, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly determined that he had received effective assistance from his prior habeas counsel. We conclude that the court properly determined that the petitioner failed to establish prejudice as a result of the allegedly deficient performance of his prior habeas counsel. Accordingly, we affirm the judgment of the habeas court.

The following facts and procedural history are relevant to our decision. The petitioner was convicted of two counts of aiding and abetting aggravated sexual assault in the first degree in violation of General Statutes §§ 53a-8 and 53a-70a (a) (1), and one count each of attempt to commit aggravated sexual assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-70a (a) (1), conspiracy to commit aggravated sexual assault in the first degree in violation of General Statutes §§ 53a-48 (a) and 53a-70a (a) (1), and burglary in the first degree in violation of General Statutes § 53a-101 (a) (1). See *State* v. *Buie*, 129 Conn. App. 777, 779–80, 21 A.3d 550 (2011), aff'd, 312 Conn. 574, 94 A.3d 608 (2014). During the criminal trial, attorney Errol Skyers represented the petitioner. His conviction was upheld on appeal. See id.

During the appeal process, the self-represented petitioner commenced three separate habeas actions. These matters were consolidated for trial, and attorney Paul Kraus was appointed to represent the petitioner. At this habeas proceeding, the petitioner claimed that Skyers had been ineffective by failing (1) to call an alibi witness, (2) to question the victim about contracting a sexually transmitted disease as a result of the assault, (3) to offer expert testimony regarding the state's use of DNA evidence, (4) to challenge the chain of custody of the DNA evidence and (5) to challenge the testimony regarding the residence of his codefendant, Beverly Martin. The habeas court, *Cobb, J.*, denied the petition for a writ of habeas corpus, and we dismissed the appeal from that judgment. See *Buie* v. *Commissioner of Correction*, 151 Conn. App. 901, 93 A.3d 182, cert. denied, 314 Conn. 910, 100 A.3d 402 (2014).

On December 5, 2013, the self-represented petitioner commenced the present habeas action designated CV-14-4005884-S. He also commenced another habeas action, designated CV-16-4007998-S. The habeas court subsequently consolidated the two matters. On July 6, 2016, the petitioner, now represented by counsel, filed an amended petition for a writ of habeas corpus. He alleged numerous instances of ineffective assistance against Kraus, his first habeas counsel.[1] The habeas court, *Oliver, J.*, conducted a trial on November 8 and 9,

2016; the only witnesses were the petitioner and Skyers.

On May 11, 2017, Judge Oliver issued a thorough memorandum of decision denying the petition for a writ of habeas corpus. The court noted that the petitioner had "failed to overcome the presumption of competent representation." Additionally, it stated that he had not "demonstrated prejudice from his counsel's alleged failures." Finally, the court observed that because the petitioner had failed to establish that Skyers had been constitutionally ineffective, he failed to demonstrate that he received ineffective assistance from Kraus.

The habeas court subsequently granted the petition for certification to appeal from the denial of his petition for a writ of habeas corpus. This appeal followed. Additional facts will be set forth as needed.

As an initial matter, we set forth the relevant legal principles and our well-settled standard of review. "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . .

"In *Strickland* v. *Washington*, [466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the underlying] conviction . . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . *Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.*" (Emphasis added; internal quotation marks omitted.) *Stephen J. R.* v. *Commissioner of Correction*, 178 Conn. App. 1, 7–8, 173 A.3d 984 (2017), cert. denied, 327 Conn. 995, 175 A.3d 1246 (2018); see also *Ricardo R.* v. *Commissioner of Correction*, 185 Conn. App. 787, 795–96, A.3d (2018).

"The use of a habeas petition to raise an ineffective assistance of habeas counsel claim, commonly referred to as a habeas on a habeas, was approved by our Supreme Court in *Lozada* v. *Warden*, 223 Conn. 834, 613 A.2d 818 (1992). In *Lozada*, the court determined that the statutory right to habeas counsel for indigent petitioners provided in General Statutes § 51-296 (a) includes an implied requirement that such counsel be effective, and it held that the appropriate vehicle to challenge the effectiveness of habeas counsel is through a habeas petition. . . . In *Lozada*, the court explained that [t]o succeed in his bid for a writ of habeas corpus, the petitioner must prove both (1) that his appointed

habeas counsel was ineffective, and (2) that his trial counsel was ineffective. *Lozada* v. *Warden*, supra, 223 Conn. 842. As to each of those inquiries, the petitioner is required to satisfy the familiar two-pronged test set forth in *Strickland* v. *Washington*, [supra, 466 U.S. 687]. . . . In other words, a petitioner claiming ineffective assistance of habeas counsel on the basis of ineffective assistance of trial counsel must essentially satisfy *Strickland* twice . . . ." (Citation omitted; internal quotation marks omitted.) *Adkins* v. *Commissioner of Correction*, 185 Conn. App. 139, 150–51,     A.3d     , cert. denied, 330 Conn. 946, 196 A.3d 326 (2018); *Gerald W.* v. *Commissioner of Correction*, 169 Conn. App. 456, 463–64, 150 A.3d 729 (2016), cert. denied, 324 Conn. 908, 152 A.3d 1246 (2017). We emphasize that the petitioner faces a "herculean task . . . ." (Internal quotation marks omitted.) *Lebron* v. *Commissioner of Correction*, 178 Conn. App. 299, 319, 175 A.3d 46 (2017), cert. denied, 328 Conn. 913, 179 A.3d 779 (2018). Guided by these principles, we turn to the specifics of the petitioner's appeal.

The petitioner claims that his first habeas counsel, Kraus, was ineffective in failing to challenge the effectiveness of his criminal trial counsel, Skyers, regarding his failure (1) to make efforts to exclude evidence of items related to BB guns and firearms, (2) to make efforts to exclude evidence of date and time stamped photographs of the residences of the petitioner and the victim, (3) to make efforts to exclude the victim's identification of the petitioner in a photographic array, (4) to make efforts to exclude hearsay statements made by the victim to an emergency department nurse, (5) to object to improper jury instructions and (6) to object to the prosecutor's closing argument. The respondent, the Commissioner of Correction, counters, inter alia, that as a result of the overwhelming evidence of the petitioner's guilt, he cannot establish prejudice, and, therefore, his habeas action must fail. We agree with the respondent's argument.

In the petitioner's direct appeal, we set forth the following facts that the jury reasonably could have found. In September, 2005, the victim moved into an apartment adjoining the petitioner's apartment. *State* v. *Buie*, supra, 129 Conn. App. 780. At that time, she met the petitioner and, approximately one month later, she met Martin. Id. The victim "socialized with the [petitioner] and Martin on several occasions after moving into the [residential] complex." Id., 780 n.4. In November, 2006, the victim returned to her apartment at approximately 1:30 a.m., after socializing with a friend. Soon thereafter, she fell asleep on her living room couch. Approximately three hours later, "with [her] apartment completely dark, [the victim] awoke to what she believed was a gun pressed against her head." Id., 780.

"The person holding the gun to her head ordered [the victim] to put her hands behind her back. [The victim] recognized the voice as that of the [petitioner]. A man later identified as the [petitioner] then forced [the victim] to put her arms behind her back and put a piece of duct tape over her mouth and also bound her hands together with duct tape. With [the victim's] pants removed, the [petitioner] and Martin then took turns inserting a dildo into [the victim's] vagina and rectum while holding the gun to her head. When they were finished, the [petitioner] inserted his penis into [the victim's] vagina." Id., 780–81.

Following the assault, the victim went to the apartment of another neighbor and asked her to call the police. Id., 781. The victim told the responding police officer that the petitioner and Martin had "raped her." Id. After obtaining a search warrant for the petitioner's apartment, the police seized, inter alia, two dildos, two BB guns and a roll of duct tape. Id., 782.

In order to prevail in this habeas proceeding, the petitioner must establish, inter alia, that he suffered prejudice as a result of his counsels' deficient performances. "To satisfy the second prong of *Strickland*, that his counsel's deficient performance prejudiced his defense, the petitioner must establish that, as a result of his trial counsel's deficient performance, there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal. . . . The second prong is thus satisfied if the petitioner can demonstrate that there is a reasonable probability that, but for that ineffectiveness, the outcome would have been different. . . . An ineffective assistance of counsel claim will succeed only if both prongs [of *Strickland*] are satisfied. . . . The court, however, may decide against a petitioner on either prong, whichever is easier." (Internal quotation marks omitted.) *Francis* v. *Commissioner of Correction*, 182 Conn. App. 647, 651–52, 190 A.3d 985, cert. denied, 330 Conn. 903, 191 A.3d 1002 (2018).

In the present case, the evidence established that the victim had been sexually assaulted by two individuals; the disputed issue was whether the petitioner was one of the assailants.[2] The habeas court, considering the evidence,[3] properly concluded that the petitioner failed to demonstrate a reasonable probability that, but for the ineffectiveness of Kraus and Skyers, the outcome of his criminal trial would have been different. The police discovered a dildo in the petitioner's residence that contained the victim's DNA profile. Testing of the victim's vaginal swabs revealed the presence of DNA consistent with the petitioner's DNA. Additionally, analysis of the duct tape recovered from the victim's apartment and the roll of duct tape that was seized from the petitioner's apartment indicated that the items were "similar." The victim, who knew both the petitioner and

Martin, identified these individuals by their voices to the police while at her neighbor's apartment. See *State* v. *Buie*, supra, 129 Conn. App. 781. At the habeas trial, Skyers testified that Martin had made a "full confession and [implicated] the petitioner" in the assault of the victim. Additionally, Barbara Ferreira, the victim's neighbor, provided information to the police that was consistent with the time frame of the events set forth during the prosecution's case.

On the basis of this record, we conclude that the habeas court properly determined that, due to the overwhelming evidence of guilt, the petitioner could not establish prejudice as a result of any allegedly deficient performance by Skyers or Kraus. His claim of ineffective assistance of counsel, therefore, must fail.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] See generally *Kaddah* v. *Commissioner of Correction*, 324 Conn. 548, 550, 153 A.3d 1233 (2017) (Connecticut law permits second petition for writ of habeas corpus challenging performance of counsel in litigating first petition for writ of habeas corpus); *Johnson* v. *Commissioner of Correction*, 168 Conn. App. 294, 308, 145 A.3d 416 (petitioner has right to effective assistance of habeas counsel), cert. denied, 323 Conn. 937, 151 A.3d 385 (2016).

[2] We note that the habeas court specifically found that the petitioner's alibi lacked credibility.

[3] The habeas court characterized the state's case as containing "overwhelming evidence of the petitioner's guilt . . . ."