******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

CHRYSOSTOME KONDJOUA *v.* COMMISSIONER
OF CORRECTION
(AC 41930)

DiPentima, C. J., and Alvord and Pellegrino, Js.

*Syllabus*

The petitioner, a Cameroonian citizen who had been convicted, on a guilty
plea, of the crime of sexual assault in the third degree, sought a writ
of habeas corpus, claiming that his trial counsel had provided ineffective
assistance by failing to advise him properly of the immigration conse-
quences of pleading guilty and that his right to due process was violated
because his plea was not knowingly, intelligently and voluntarily made
due to trial counsel's failure to advise him properly with respect to
the immigration consequences. The respondent, the Commissioner of
Correction, filed a return raising a special defense that the petitioner's
due process claim was procedural defaulted. The habeas court rendered
judgment denying the habeas petition, finding that the petitioner failed
to establish that trial counsel had rendered ineffective assistance or
that he was prejudiced by trial counsel's alleged deficient performance.
The court also found that the petitioner's due process claim was proce-
durally defaulted because he failed to meet his burden as to his ineffec-
tive assistance of counsel claim and had not established cause and
prejudice sufficient to overcome the procedural default. In reaching its
decision, the court credited trial counsel's testimony that he had advised
the petitioner, prior to the plea hearing, that he would be deported if
he pleaded guilty, and it discredited the petitioner's testimony to the
contrary. Thereafter, on the granting of certification, the petitioner
appealed to this court. *Held*:

1. The petitioner could not prevail on his claim that the habeas court improp-
erly rejected his ineffective assistance of counsel claim, that court having
properly determined that the petitioner failed to establish that he was
prejudiced by his trial counsel's alleged deficient performance; the peti-
tioner failed to meet his burden of demonstrating that he would have
rejected the plea agreement and insisted on going to trial had he known
the immigration consequences of his guilty plea because, beyond his
own testimony, which the habeas court found to be not credible, the
petitioner did not offer any evidence that he would have rejected the
plea offer and gone to trial and, in fact, there was significant evidence
contradicting his claim, and the petitioner did not raise any claim of
improper advice from trial counsel regarding immigration consequences
until his habeas counsel filed the operative petition, several years after
deportation proceedings had been initiated against him.

2. The petitioner could not prevail on his claim that his due process rights
were violated because his guilty plea was not made knowingly, intelli-
gently and voluntarily; the petitioner's due process claim relied solely
on his allegation that his trial counsel improperly advised him about
the immigration consequences of pleading guilty, and, therefore, because
this court agreed with the habeas court that the petitioner had not
demonstrated ineffective assistance of trial counsel, the petitioner was
unable to establish the cause and prejudice sufficient to overcome the
procedural default.

Argued September 11—officially released December 17, 2019

*Procedural History*

Amended petition for a writ of habeas corpus,
brought to the Superior Court in the judicial district of
Tolland and tried to the court, *Hon. Edward J. Mullar-
key*, judge trial referee; judgment denying the petition,
from which the petitioner, on the granting of certifica-
tion, appealed to this court. *Affirmed.*

*Jennifer B. Smith*, for the appellant (petitioner).

*Lisa A. Riggione*, senior assistant state's attorney, with whom, on the brief, were *Patrick J. Griffin*, state's attorney, *Angela Macchiarulo*, senior assistant state's attorney, and *Michael Proto*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PELLEGRINO, J. The petitioner, Chrysostome Kondjoua, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. The petitioner claims that the habeas court improperly rejected his claims that (1) his trial counsel provided ineffective assistance by failing to advise him properly of the immigration consequences of pleading guilty under *Padilla* v. *Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), and (2) his guilty plea was not knowingly, intelligently, and voluntarily made. We disagree and, therefore, affirm the judgment of the habeas court.

The following facts and procedural history are relevant to this appeal. The petitioner is a Cameroonian citizen who has resided in the United States since 2010 as a long-term, permanent resident with a green card. He was arrested on November 29, 2013, and charged with the sexual assault in the first degree of an eighty-three year old woman, for whom he had been working. The petitioner entered a plea of not guilty and elected a jury trial.

On December 16, 2014, after the jury had been picked and evidence was set to begin, the petitioner accepted a plea agreement to the reduced charge of sexual assault in the third degree. Before accepting the petitioner's guilty plea, the trial court canvassed him.[1] The trial court found that the plea was made knowingly, intelligently, and voluntarily, and ordered a presentence investigation. On March 4, 2015, the court sentenced the petitioner to the agreed disposition of five years of imprisonment, execution suspended after twenty months, with ten years of probation. The petitioner also was required to register as a sex offender for ten years. The petitioner did not file a direct appeal.

While the petitioner was serving his sentence, the United States Department of Homeland Security (department) initiated deportation proceedings against him. The department cited the petitioner's March, 2015 conviction for sexual assault in the third degree as the ground for removal and stated that the petitioner was subject to removal because he had been convicted of an aggravated felony and a crime of moral turpitude, in violation of § 237 (a) (2) (A) (iii) and § 237 (a) (2) (A) (i) of the Immigration and Nationality Act, respectively. A warrant for the petitioner's arrest was served on July 14, 2015, and the petitioner was taken into the department's custody.[2]

On June 19, 2015, the petitioner, then self-represented, filed a petition for a writ of habeas corpus.[3] Appointed counsel thereafter filed an amended petition.[4] On October 17, 2017, counsel filed a second amended petition, which is the operative petition in this case. It alleged two claims: Ineffective assistance of

trial counsel for the improper advice concerning the immigration consequences of a guilty plea and a due process challenge to his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made. On December 19, 2017, the respondent, the Commissioner of Correction, filed a return alleging that the petitioner's due process claim was in procedural default. The petitioner filed a reply denying the allegations in the respondent's return on December 28, 2017.

On May 16, 2018, the habeas court issued a memorandum of decision in which it denied the petition. The habeas court found that the petitioner failed to establish that trial counsel had rendered ineffective assistance. The court found the testimony of trial counsel credible and the petitioner's testimony not credible, and determined that counsel had advised the petitioner, prior to the plea hearing, that he would be deported if he pleaded guilty. Further, the court found that the totality of counsel's advice demonstrated that he adequately had advised the petitioner of the immigration consequences of pleading guilty. The court further found that, "because the court does not find the petitioner credible, the claim must also fail because the petitioner has not demonstrated that he would have maintained his plea of not guilty and proceeded to trial." Regarding the petitioner's second claim, the court found that the petitioner had not established cause and prejudice sufficient to overcome the procedural default. On June 15, 2018, the habeas court granted the petitioner's petition for certification to appeal. This appeal followed. Additional facts will be set forth as necessary.

I

The petitioner claims that the habeas court erred in rejecting his claim that his trial counsel provided ineffective assistance by failing to advise him properly of the immigration consequences of pleading guilty[5] pursuant to *Padilla* v. *Kentucky*, supra, 559 U.S. 356. Because we conclude that the habeas court properly determined that the petitioner failed to establish that he was prejudiced by trial counsel's alleged deficient performance, we reject the petitioner's claim.

We begin our analysis with the legal principles that govern our review of the petitioner's claim. The sixth amendment to the United States constitution, applicable to the states through the due process clause of the fourteenth amendment, and article first, § 8, of the constitution of Connecticut provide that in all criminal prosecutions, the accused shall enjoy the right to the effective assistance of counsel. U.S. Const., amend. VI; Conn. Const., art. I, § 8; see *Gideon* v. *Wainwright*, 372 U.S. 335, 342, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963); *Duncan* v. *Commissioner of Correction*, 171 Conn. App. 635, 646, 157 A.3d 1169, cert. denied, 325 Conn. 923, 159 A.3d 1172 (2017).

"A claim of ineffective assistance of counsel is governed by the two-pronged test set forth in *Strickland* v. *Washington*, [466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)]. Under *Strickland*, the petitioner has the burden of demonstrating that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance. . . . For claims of ineffective assistance of counsel arising out of the plea process, the United States Supreme Court has modified the second prong of the *Strickland* test to require that the petitioner produce evidence that there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial. . . . An ineffective assistance of counsel claim will succeed only if both prongs [of *Strickland*] are satisfied. . . . It is axiomatic that courts may decide against a petitioner on either prong [of the *Strickland* test], whichever is easier . . . . In its analysis, a reviewing court may look to the performance prong or the prejudice prong, and the petitioner's failure to prove either is fatal to a habeas petition." (Citation omitted; internal quotation marks omitted.) *Echeverria* v. *Commissioner of Correction*, 193 Conn. App. 1, 9–10,     A.3d (2019).

"[T]he *Hill* [v. *Lockhart*, 474 U.S. 51, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)] prejudice standard provides that [i]n the context of a guilty plea . . . to succeed on the prejudice prong the petitioner must demonstrate that, but for counsel's alleged ineffective performance, the petitioner would not have pleaded guilty and would have proceeded to trial. . . . In evaluating whether the petitioner ha[s] met this burden and . . . the credibility of the petitioner's assertions that he would have gone to trial, it [is] appropriate for the court to consider whether a decision to reject the plea bargain would have been rational under the circumstances." (Citations omitted; internal quotation marks omitted.) *Duncan* v. *Commissioner of Correction*, supra, 171 Conn. App. 663; see also *Humble* v. *Commissioner of Correction*, 180 Conn. App. 697, 705, 184 A.3d 804 ("[t]o satisfy the prejudice prong [under *Strickland–Hill*], the petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"), cert. denied, 330 Conn. 939, 195 A.3d 692 (2018). Finally, "[c]ourts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee* v. *United States*, U.S.    , 137 S. Ct. 1958, 1967, 198 L. Ed. 2d 476 (2017).

"The [ultimate] conclusions reached by the [habeas] court in its decision [on a] habeas petition are matters of law, subject to plenary review. . . . [When] the legal conclusions of the court are challenged, [the reviewing court] must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record. . . . A reviewing court ordinarily will afford deference to those credibility determinations made by the habeas court on the basis of [its] firsthand observation of [a witness'] conduct, demeanor and attitude." (Citations omitted; internal quotation marks omitted.) *Flomo* v. *Commissioner of Correction*, 169 Conn. App. 266, 278–79, 149 A.3d 185 (2016), cert. denied, 324 Conn. 906, 152 A.3d 544 (2017).

In regard to the prejudice prong of *Strickland*, the petitioner argues that this case should be remanded to the habeas court for a determination of prejudice under *Strickland*. The petitioner proffers two reasons for remand: (1) "the habeas court failed to consider whether . . . there was a reasonable probability that, but for counsel's deficient performance, the petitioner would not have pleaded guilty and would have insisted on going to trial" and (2) "the habeas court speculated about the strength of evidence against the petitioner."[6] In its memorandum of decision, the habeas court found that the petitioner's testimony was not credible and determined that he had not met his burden of establishing that he would have rejected the state's plea offer and elected to go to trial.

Beyond the petitioner's own testimony, which the habeas court found to be not credible, the petitioner has not offered any evidence that he would have rejected the plea offer and gone to trial. Instead, there is significant evidence contradicting this claim. The petitioner originally was charged with sexual assault in the first degree. The charge was based on the complaint of an eighty-three year old woman who stated that the petitioner, whom she hired to do some work at her house, assaulted her by penetrating her from behind without her consent. While the petitioner's criminal case was pending, trial counsel engaged in plea negotiations on the petitioner's behalf. During that time, the petitioner made a counter offer of two years to serve, which the state rejected. Despite trial counsel's efforts, the state refused to reduce the charge to a point where the petitioner could avoid immigration consequences. The petitioner filed a motion for a speedy trial, but he did not pursue the motion. After the jury had been picked and on the same day evidence was set to begin with the testimony from the eighty-five year old victim, who was present and ready to testify, the petitioner pleaded guilty to the reduced charge of sexual assault in the third degree. At sentencing, the victim addressed the court and expressed her support for the sentence and stated that she hoped the petitioner would be

deported. After the victim spoke, the petitioner addressed the court and did not deny engaging in sexual relations with the victim and stated that the victim had consented. The habeas court found that the "consent" defense proffered by the petitioner was not credible and "seems unlikely to have prevailed" at trial. In addition, the petitioner did not raise any claim of improper advice regarding immigration consequences from his trial counsel until his habeas counsel filed the operative petition, several years after the department initiated deportation proceedings. The petitioner has failed to meet his burden of demonstrating that he would have rejected the plea agreement and insisted on going to trial.

Because we conclude that the trial court properly determined that the petitioner failed to prove the prejudice prong of *Strickland*, we need not reach the issue of deficient performance. See *Strickland* v. *Washington*, supra, 466 U.S. 697 ("a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant"); *Buie* v. *Commissioner of Correction*, 187 Conn. App. 414, 422, 202 A.3d 453 (deciding ineffective assistance of counsel on basis of failure to demonstrate prejudice prong), cert. denied, 331 Conn. 905, 202 A.3d 373 (2019); *Bova* v. *Commissioner of Correction*, 162 Conn. App. 348, 358, 131 A.3d 268 ("[t]he petitioner has failed to prove that he was prejudiced . . . therefore we decline to reach the first *Strickland* prong"), cert. denied, 320 Conn. 920, 132 A.3d 1094 (2016); *Russell* v. *Commissioner of Correction*, 150 Conn. App. 38, 46, 89 A.3d 1023 (resolving petitioner's claim on basis of prejudice prong), cert. denied, 312 Conn. 921, 94 A.3d 1200 (2014); see also *Ouellette* v. *Commissioner of Correction*, 154 Conn. App. 433, 448 n.9, 107 A.3d 480 (2014) ("[a] court evaluating an ineffective assistance claim need not address both components of the *Strickland* test if the [claimant] makes an insufficient showing on one" [internal quotation marks omitted]). Accordingly, the petitioner's claim of ineffective assistance of counsel fails.

II

Next, the petitioner claims that the habeas court violated his right to due process by rejecting his claim that his guilty plea was not made knowingly, intelligently, and voluntarily. Specifically, he argues that trial counsel misadvised him about the immigration consequences of a guilty plea, and, as a result, the guilty plea he entered was made not knowing that deportation was inevitable. The respondent argues that this claim was in procedural default and, therefore, fails. The habeas court agreed with the respondent, and so do we.

Our review of this claim is plenary. See *Hinds* v. *Commissioner of Correction*, 321 Conn. 56, 65, 136 A.3d 596 (2016) ("[q]uestions of law and mixed questions of law and fact receive plenary review" [internal quotation

marks omitted]). "When a habeas petitioner has failed to file a motion to withdraw his guilty plea or to challenge the validity of the plea on direct appeal, a challenge to the validity of the plea in a habeas proceeding is subject to procedural default." (Internal quotation marks omitted.) *Crawford* v. *Commissioner of Correction*, 294 Conn. 165, 175, 982 A.2d 620 (2009). "In essence, the procedural default doctrine holds that a claimant may not raise, in a collateral proceeding, claims that he could have made at trial or on direct appeal in the original proceeding and that if the state, in response, alleges that a claimant should be procedurally defaulted from now making the claim, the claimant bears the burden of demonstrating good cause for having failed to raise the claim directly, and he must show that he suffered actual prejudice as a result of this excusable failure." *Hinds* v. *Commissioner of Correction*, 151 Conn. App. 837, 852, 97 A.3d 986 (2014), aff'd, 321 Conn. 56, 136 A.3d 596 (2016). "[T]he cause and prejudice test is designed to prevent full review of issues in habeas corpus proceedings that counsel did not raise at trial or on appeal for reasons of tactics, inadvertence or ignorance . . . . Therefore, attorney error short of ineffective assistance of counsel does not adequately excuse compliance with our rules of [trial and] appellate procedure." (Internal quotation marks omitted.) *Brunetti* v. *Commissioner of Correction*, 134 Conn. App. 160, 168, 37 A.3d 811, cert. denied, 305 Conn. 903, 44 A.3d 180 (2012).

In the operative petition, the petitioner claimed that his guilty plea was not made knowingly, intelligently, and voluntarily because his trial counsel had failed to advise him adequately of the immigration consequences. He also alleged that "the sentencing court . . . did not specifically advise the petitioner that he would be deported as a result of his plea." In its return, the respondent raised the special defense of procedural default.

The habeas court found that the petitioner's claim was procedurally defaulted because he had failed to meet his burden as to the claimed ineffective assistance of counsel. The court further found that the trial court's "canvass comported with General Statutes § 54-1j." The habeas court concluded that because the petitioner has failed to demonstrate any cause and prejudice sufficient to overcome the procedural default, the due process claim must fail on that basis. Even if it was not procedurally defaulted, the court concluded that the claim would have failed on the merits as the court already had found that there was no ineffective assistance of counsel.

On appeal, the petitioner claims that the habeas court erred in concluding that his claim was procedurally defaulted because he had in fact demonstrated that trial counsel misadvised him of the immigration consequences of pleading guilty.[7] As a result, the petitioner

argues, the demonstration of ineffective counsel satisfied the cause and prejudice standard to overcome the procedural default.

The respondent relies on the habeas court's determination of procedural default and argues that if we conclude that the petitioner's ineffective assistance of counsel claim fails, his second claim fails as well, citing *Placide* v. *Commissioner of Correction*, 167 Conn. App. 497, 504–505, cert. denied, 323 Conn. 922, 150 A.3d 1150 (2016), for the proposition that "because [the] petitioner's due process claim was [a] reformulation of his ineffective assistance claim, and this Court concluded that the habeas court properly found that [the] petitioner's attorney was not ineffective, this claim fails." We agree with the respondent.

The petitioner's due process claim relies solely on his allegation that trial counsel improperly advised him about the immigration consequences of pleading guilty. Because we agree with the habeas court that the petitioner has not demonstrated ineffective assistance of trial counsel, the petitioner is unable to establish the cause and prejudice sufficient to overcome the procedural default.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] During the plea canvass, the following colloquy occurred:

"The Court: [Petitioner], I'm going to ask you some questions. Keep your voice up, so the interpreter can understand and hear you. Sir, how far have you gone in school, be it here, or in Cameroon?

"[The Petitioner]: High school diploma.

"The Court: And have you understood all the conversations you've had with your lawyer, leading up to your decision to plead guilty to this felony charge today?

"[The Petitioner]: Yes, Your Honor.

"The Court: Are you satisfied with his advice?

"[The Petitioner]: Yes, Your Honor.

"The Court: Are you under the influence today of any alcohol, drugs, [or] medications of any kind?

"[The Petitioner]: No.

"The Court: Are you currently on probation or parole?

"[The Petitioner]: No.

"The Court: Did you have enough time to go over—

"[Defense Counsel]: Your Honor, just one second.

"(Aside)

"[Defense Counsel]: Okay. I'm sorry. I apologize.

"The Court: Did you go over with your lawyer the charge, sexual assault in the third degree, as charged, class D felony, carries up to five years, and/or, a $5000 fine, a felony, causing you to give a sample of your DNA to the state of Connecticut, and you're going to have to register as a sex offender in the state of Connecticut. You're going to have to abide by all the rules and regulations of registration. One of those is, if you get to treatment, you'd have to go in and admit whatever your involvement was with this case. If you failed to do that, you could be charged with violation of probation and serve the unexecuted portion of your sentence, which in this case would be the difference between five years and the twenty months you're going to serve, or you'd have forty months hanging over your head. So, you could go back and serve that forty months. This is considered a nonviolent ten year registration. Have you gone over all of those things with [defense counsel]?

"[The Petitioner]: Yes, Your Honor.

"The Court: [Defense Counsel], have you done that?

"[Defense Counsel]: The only thing I didn't go over, Your Honor, was the DNA, but he has already given a DNA sample. So—

"The Court: Why don't you just explain to him why he has to do that?

"(Aside)

"The Court: Okay?

"[Defense Counsel]: Yes. Thank you.

"The Court: Sexual assault in the third degree, as charged, class D felony, a person is guilty of sexual assault in the third degree when such person compels another person to submit to sexual contact by the use of force against such other person, or a third person. You have now given up your right to remain silent, to continue to plead not guilty, to a court or a jury trial, with the assistance of your attorney, your right to cross-examine witnesses, to call witnesses on your behalf, testify, if you wanted to, present defenses, and have the state prove you guilty beyond a reasonable doubt. In other words, there will be no trial. The jury was upstairs, evidence was about to begin. This is your decision. Correct?

"[The Petitioner]: Yes.

"The Court: Did you make this decision freely and voluntarily?

"[The Petitioner]: Yes, Your Honor.

"The Court: Did anybody force you, or threaten you, in anyway, to get you to plead guilty?

"[The Petitioner]: No.

"The Court: You've heard the facts recited by the state's attorney. Are those facts, essentially, correct?

"[The Petitioner]: Yes, Your Honor.

"The Court: Do you understand if you are not a citizen of the United States that the plea that you have just entered could result in deportation, or removal from the United States, exclusion from the readmission to the United States, denial of naturalization, pursuant to the laws of the United States?

"[The Petitioner]: Yes, Your Honor.

"The Court: Did you go over that issue with your lawyer?

"[The Petitioner]: Yes.

"The Court: [Defense Counsel], did you go over that issue with your client?

"[Defense Counsel]: We did, Your Honor. I informed my client that, based on the charges, it is highly likely that, at the very least, immigration will begin deportation proceedings against him, and the likelihood that he will get deported. But, I also informed him that I do not practice immigration law and that I will put him in touch with an immigration lawyer to help him fight those proceedings, if necessary.

"The Court: Was he satisfied with that advice?

"[Defense Counsel]: He was, Your Honor."

[2] The petitioner filed an application for deferral of removal under the Convention against Torture, which was denied on September 14, 2015. The petitioner appealed to the Board of Immigration Appeals (board). The board found that the immigration judge had properly entered the order for removal, dismissed the petitioner's appeal, and denied his motion to remand for further consideration.

[3] The petitioner's petition alleged a due process violation claiming that his guilty plea was not made knowingly, intelligently, or voluntarily because he was under the influence of medication, trial counsel pressured him to plead guilty, and he had trouble understanding and communicating with trial counsel because English is not his first language and he did not always have the benefit of an interpreter during their conversations.

[4] The petitioner's first amended petition contained two counts, in which he alleged an ineffective assistance of counsel claim and a due process violation in that the petitioner's plea was not entered knowingly, intelligently, or voluntarily. The ineffective assistance claim alleged that trial counsel failed (1) to investigate properly a motion to suppress the petitioner's statements, (2) to advise the petitioner properly about a withdrawal of his guilty plea, (3) to inquire or investigate the medications the petitioner was taking when he pleaded guilty, and (4) to file a motion to withdraw the petitioner's guilty plea when the petitioner expressed to the court at sentencing that he wanted to go to trial. The due process claim alleged that the petitioner was under the influence of medication and did not understand the terms of the plea agreement when he pleaded guilty.

[5] The petitioner alternatively claims that the habeas court erroneously determined that trial counsel properly had advised him that he would be deported as a result of pleading guilty. Because we determine that the petitioner failed to demonstrate that he was prejudiced by trial counsel's actions, we do not reach this claim.

[6] In the petitioner's appellate brief, he also claimed that the "habeas court

abused its discretion in declining to admit evidence of prejudice" as another justification for requesting remand. During oral argument before this court, however, the petitioner explicitly stated that he was declining to pursue that claim at this time. Therefore, we do not address it here.

[7] The petitioner attempted to raise two other claims on appeal in relation to this due process claim. We do not consider these claims as they were not alleged in the operative habeas petition. Although both claims were raised in the petitioner's original petition and the first amended petition, the claims were not alleged in the operative petition. We therefore consider these claims abandoned. See *Lund* v. *Milford Hospital, Inc.*, 326 Conn. 846, 850, 168 A.3d 479 (2017) ("When an amended pleading is filed, it operates as a waiver of the original pleading. The original pleading drops out of the case and although it remains in the file, it cannot serve as the basis for any future judgment, and previous rulings on the original pleading cannot be made the subject of appeal." [Internal quotation marks omitted.]).

———————————————