******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# ROBERT S. BUIE *v.* COMMISSIONER OF CORRECTION
## (AC 43268)

Bright, C. J., and Lavine and Elgo, Js.*

*Syllabus*

The petitioner, who had been convicted of two counts of the crime of aggravated sexual assault in the first degree as an accessory and one count each of the crimes of attempt to commit aggravated sexual assault in the first degree, conspiracy to commit aggravated sexual assault in the first degree and burglary in the first degree, sought a writ of habeas corpus, claiming that the trial court abused its authority by denying his right to a hearing when it denied his postconviction motion for DNA testing pursuant to the applicable statute (§ 54-102kk). The habeas court rendered judgment dismissing the habeas petition and, thereafter, denied the petition for certification to appeal. On the petitioner's appeal to this court, he claimed that the habeas court improperly determined that it lacked subject matter jurisdiction over the habeas petition and denied certification to appeal. *Held* that the appeal was dismissed as moot; because, during the pendency of this appeal, this court issued its decision in the petitioner's direct appeal of the trial court's denial of his motion for DNA testing and affirmed that judgment in all respects, and because, in that proceeding, the petitioner obtained the very relief he requested in this habeas action, namely, a hearing before the sentencing judge on his motion for DNA testing pursuant to § 54-102kk, there was no practical relief that this court could afford the petitioner.

Argued November 9, 2020—officially released March 16, 2021

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Newson, J.*, rendered judgment dismissing the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed*.

*J. Patten Brown III*, for the appellant (petitioner).

*Timothy J. Sugrue*, assistant state's attorney, with whom, on the brief, was *Maureen Platt*, state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Robert S. Buie, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus and from the denial of his petition for certification to appeal. He claims that the court improperly (1) determined that it lacked subject matter jurisdiction over the habeas petition and (2) denied his subsequent petition for certification to appeal. We conclude that the petitioner's appeal is moot and, accordingly, dismiss the appeal.

The petitioner was involved in a sexual assault in 2006, the details of which were recounted by our Supreme Court in the petitioner's direct appeal. See *State* v. *Buie*, 312 Conn. 574, 577–80, 94 A.3d 608 (2014). Following a trial, the jury found the petitioner guilty of two counts of aggravated sexual assault in the first degree as an accessory in violation of General Statutes §§ 53a-8 and 53a-70 (a) (1), and one count each of attempt to commit aggravated sexual assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-70a (a) (1), conspiracy to commit aggravated sexual assault in the first degree in violation of General Statutes §§ 53a-48 (a) and 53a-70a (a) (1), and burglary in the first degree in violation of General Statutes § 53a-101 (a) (1). The trial court, *Alander, J.*, rendered judgment in accordance with that verdict and sentenced the petitioner to a total effective sentence of forty years of imprisonment and fifteen years of special parole. Id., 581.

The petitioner thereafter brought a series of unsuccessful habeas actions, in which he alleged ineffective assistance on the part of his trial counsel and first habeas counsel. See *Buie* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-14-4005884-S (May 11, 2017), aff'd, 187 Conn. App. 414, 202 A.3d 453, cert. denied, 331 Conn. 905, 202 A.3d 373 (2019); *Buie* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-12-4004375-S (September 28, 2012), appeal dismissed, 151 Conn. App. 901, 93 A.3d 182, cert. denied, 314 Conn. 910, 100 A.3d 402 (2014).

On March 12, 2018, the petitioner filed the present petition for a writ of habeas corpus,[1] in which he sought review of the "court's denial of [his] motion for postconviction DNA testing." More specifically, he alleged that the trial court "abused its authority [by] denying [his] right to a hearing" pursuant to General Statutes § 54-102kk. Nowhere in his petition did the petitioner allege precisely when such a motion for DNA testing was denied or which trial court decided that motion. By way of relief, the petitioner asked the habeas court to order a hearing on his motion for DNA testing.

On June 7, 2019, the habeas court, *Newson, J.*, issued an order, in which it stated that the petitioner's failure "to contest the conviction or the conditions of confine-

ment . . . deprives the habeas court of jurisdiction." The court thus rendered a judgment of dismissal pursuant to Practice Book § 23-29.[2] The petitioner filed a petition for certification to appeal from that judgment, which the court denied, and this appeal followed.

On appeal, the petitioner challenges the propriety of both the dismissal of his habeas petition for lack of subject matter jurisdiction and the denial of his petition for certification to appeal. We conclude that the appeal is moot and, therefore, do not address those claims.

In his appellate brief, the petitioner avers that the present habeas action is predicated on the trial court's denial of his June 8, 2018 postconviction motion for DNA testing pursuant to § 54-102kk.[3] That motion was denied on December 3, 2018, in a thorough memorandum of decision issued by Judge Alander, who had presided over the petitioner's criminal trial and sentencing. From that judgment, the petitioner appealed to this court, which affirmed the judgment of the trial court. See *State* v. *Buie*, 201 Conn. App. 903, 240 A.3d 320, cert. denied, 335 Conn. 984, 242 A.3d 106 (2020).

"Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [this] court's subject matter jurisdiction." (Internal quotation marks omitted.) *State* v. *Boyle*, 287 Conn. 478, 485, 949 A.2d 460 (2008). Under our well established mootness jurisprudence, "[a]n actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) Id., 486.

Subsequent to the commencement of this habeas appeal, this court issued its decision in the petitioner's direct appeal of Judge Alander's December 3, 2018 denial of his June 8, 2018 motion for DNA testing and affirmed the propriety of that judgment in all respects. See *State* v. *Buie*, supra, 201 Conn. App. 903. In that proceeding, the petitioner obtained the very relief he requested in this habeas action—namely, a hearing before the sentencing judge on his motion for DNA testing pursuant to § 54-102kk. As a result, the present appeal is moot, as there is no practical relief that this court can afford the petitioner.[4] See *State* v. *Martin*, 211 Conn. 389, 393–94, 559 A.2d 707 (1989). This court, therefore, lacks subject matter jurisdiction over the petitioner's appeal.

The appeal is dismissed.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] The petitioner filed the present habeas action in a self-represented capacity. He is represented by counsel in this appeal.

[2] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent,

dismiss the petition, or any count thereof, if it determines that: (1) the court lacks jurisdiction  . . . .”

[3] We recognize that the petitioner filed the present habeas action approximately three months *before* that postconviction motion for DNA testing was filed with the trial court. On appeal, the petitioner has provided no explanation for that anomaly.

Although his March 12, 2018 petition for a writ of habeas corpus suggests that the petitioner made an earlier request for DNA testing before a different trial judge, the petitioner has neither identified that request nor provided any record whatsoever of that request or the court's ruling thereon.

[4] At oral argument before this court, the petitioner's counsel conceded that there was no practical relief available to the petitioner.

————————————————————